UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

BETTY DAVIES,

                              Plaintiff,

     v.                                           5:13-CV-1305
                                                        (DNH/ATB)

MICHAEL TOMUSHUNAS,

                              Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

BETTY DAVIES
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Betty Davies. (Dkt. Nos. 1, 2).

**I.   IFP Application**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2). The application is unclear[1] and somewhat suspect because plaintiff alleges that she has absolutely no income from *any* sources. (Dkt. No. 2). However, for purposes of this order and report-recommendation, this court finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

---

[1] Plaintiff states that her "last employment" was "July 4," but she has neglected to state the year of that employment. (Dkt. No. 2 at 1). The question also asks the amount of "take-home" pay and pay period. Plaintiff has just written "300.00." (*Id.*) There is no indication of the pay period, and there is no named "last employer" as the question asks.

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell*

*Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. <u>Complaint</u>

In plaintiff's complaint, she alleges that defendant Tomushunas has "targeted, harassed, intimidated, yelled, screamed, bullied, [and] threatened" plaintiff since the beginning of June 2013, when she reported him to "code enforcement" for not "fixing" her apartment. (Compl. ¶ 4). Plaintiff claims that when defendant Tomushunas learned that plaintiff was a domestic violence survivor, he "increased the violence a [sic] hundred fold [sic]," causing plaintiff to have a "PTSD crisis," which required her to take medication, go back into counseling, and even to be hospitalized. (*Id.*) She states that she is stressed and continues to have severe anxiety attacks that are affecting her physical health as well as her mental and emotional stability. She seeks a substantial amount of monetary damages and "possession of the property from 112-116 Burnet Avenue." (Compl. ¶ 6).

## III. <u>Jurisdiction</u>

### A. **Legal Standards**

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own

3

jurisdiction at every stage of the litigation. *Id.*

Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). Thus, the court will consider possible bases for plaintiff's assertion of jurisdiction.

### 1. Federal Question Jurisdiction

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff has cited section 1983 as a basis for her action. To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL

4

4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful' that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

Plaintiff has brought this action on a form for cases brought under section 1983. The defendant appears to be plaintiff's landlord. Plaintiff claims that defendant is retaliating against her because she reported him to "code enforcement."[2] There is no indication that the defendant is employed by the state, or that he is acting under color of state law. There is no allegation that the defendant is conspiring with anyone who is acting under color of state law. Plaintiff is asserting purely private conduct by this individual. *See Felix v. Fernadez-Abdallah*, No. 13-CV-1219, 2013 WL 1345169, at *1-3 (E.D.N.Y. March 29, 2013) (dismissing complaint under section 1983, alleging that private defendants were retaliating against her for reporting a building employee's

---

[2] The City of Syracuse has a Division of Code Enforcement which is responsible for, *inter alia*, maintaining Housing and Property Codes and enforcing compliance with the Syracuse Zoning Ordinance. http://www.syrgov.net/Code_Enforcement.aspx. A section of the Division of Code Enforcement responds to reports and complaints about housing maintenance. http://www.syrgov.net/Housing_Complaints.aspx. The court assumes that plaintiff is referring to this division when she states that she "reported" the defendant.

5

misconduct to the police, for failure to establish state action). Thus, plaintiff has not alleged facts sufficient to state a claim under section 1983.

### 2. Intentional Torts

At best, plaintiff may be alleging that defendant harassed her or intentionally caused her emotional distress. Such claims are rooted in state law, and could only be brought in federal court as claims that are supplemental to a federal claim or if plaintiff could establish diversity of citizenship. *See* 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1367 (supplemental jurisdiction).

#### a. Diversity

Section 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). A party asserting diversity jurisdiction must assert "complete" diversity in the complaint. *Aleph Towers, LLC v. Ambit Texas, LLC*, No. 12-CV3488, 2013 WL 4517278, at *3 (E.D.N.Y. Aug. 23, 2013). Complete diversity means that all defendants must be of diverse citizenship to plaintiff. *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) (complete diversity required between all plaintiffs and all defendants).

Plaintiff has listed defendant's address as Syracuse, New York. Defendant is a resident of the same state as plaintiff. Thus, plaintiff cannot bring any state law claims based upon diversity jurisdiction.

6

### b. Supplemental Jurisdiction

The federal courts are granted supplemental jurisdiction over state law claims that are so related to the claims that are within the court's original jurisdiction, that they form part of the same case or controversy under the federal Constitution. 28 U.S.C. § 1367(a). If a court dismisses all claims over which it had original jurisdiction, it would have to balance certain factors in deciding whether to exercise its discretion to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

In this case, plaintiff has not stated any claims over which this court would have original jurisdiction, thus, the court cannot exercise "supplemental" jurisdiction over claims that are not related to any federal claim asserted by the plaintiff. Thus, there is no basis for plaintiff in this case to assert the jurisdiction of this court, and her complaint may be dismissed.

## IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and she would still be unable to state a federal claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is

**GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 23, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge